UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  vs.<br><br>WILLIAM WARRIOR,<br><br>              Defendant. | CR. 16-50132-JLV<br><br>ORDER |

**INTRODUCTION**

An indictment charges defendant William Warrior with failing to register as a sex offender. (Docket 1). Now pending before the court is defendant's motion to dismiss the indictment based on prosecutorial misconduct. (Docket 75). The government resists defendant's motion and defendant filed a reply. (Dockets 91 & 92). As explained below, the court denies defendant's motion to dismiss the indictment.

**BACKGROUND**

Defendant's motion stems from a government motion *in limine* seeking to exclude the expert testimony of Dr. Dewey Ertz. (Docket 44). Defendant proposes Dr. Ertz testify to the results of his "cognitive functioning examination of Mr. Warrior[.]" (Docket 31 at p. 1). Defendant argues Dr. Ertz's testimony is intended to "assist the jury in determining . . . whether Mr. Warrior had the requisite capacity to understand his reporting requirements and retain this information." Id. at p. 3. The government challenged Dr. Ertz's proposed

testimony as "attempting to place the defendant's competency, mental diseases or defects, and other mental deficiencies into question, in contravention to . . . caselaw[.]"  (Docket 65 at p. 3).  In a previous hearing, the court emphasized the defense was not seeking to raise the defendant's competency as an issue, but was instead "target[ing] the 'knowledge' element in the alleged offense[.]"  (Docket 67 at p. 5).  The court proceeded to order defendant be evaluated by a mental health professional for the sole purpose of allowing the government to "respond to the evaluations of the defendant conducted by Dr. Ertz."  Id.

The government selected Dr. Kari Scovel, a licensed psychologist, to conduct the examination.  (Docket 68).  The government filed Dr. Scovel's evaluation with the court.  (Docket 70).  As a part of her evaluation, Dr. Scovel administered a "McGarry Competency Psychological Assessment" to defendant. Id. at pp. 13-20.  Defendant argues this portion of Dr. Scovel's evaluation constitutes a competency evaluation at the government's direction.  (Docket 75 at pp. 4-5).  In defendant's view, the government expressly violated the court's order that Dr. Scovel's examination be limited to responding to Dr. Ertz's evaluation.  Id. at p. 5.  Defendant contends Dr. Scovel's evaluation impermissibly "obtained privileged, highly sensitive information" constituting a "road map to the defense case."  Id. at p. 7.  Defendant argues he was substantially prejudiced by Dr. Scovel's report.  (Docket 92 at pp. 6-7).

The government denies directing Dr. Scovel to conduct a competency evaluation.  (Docket 91 at p. 8).  The government argues the McGarry

2

assessment was part of a "complete neuro-psychological examination" necessary, in Dr. Scovel's professional judgment, to respond to Dr. Ertz's evaluation. Id. at pp. 8-9. In Dr. Scovel's view, the McGarry assessment was used "to assess the defendant's full mental status and capacity," not his competency to stand trial. Id. at p. 10. Defendant asserts the government's explanation of Dr. Scovel's use of the McGarry assessment is "a pretextual argument offered by the government to explain its mis-conduct." (Docket 92 at p. 5). The government denies any misconduct, but offers to not introduce evidence obtained from the McGarry assessment if the court deems it necessary. (Docket 91 at p. 12).

## ANALYSIS

### A. STANDARD OF REVIEW

"Where a defendant alleges prosecutorial misconduct, dismissal of the indictment 'is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice.'" United States v. Darden, 688 F.3d 382, 387 (8th Cir. 2012) (citing United States v. Wadlington, 233 F.3d 1067, 1074 (8th Cir. 2000)). "[T]he drastic step of dismissing an indictment is a disfavored remedy . . . ." United States v. Manthei, 979 F.2d 124, 126 (8th Cir. 1992) (citing United States v. Jacobs, 855 F.2d 652, 655 (9th Cir. 1988)). "When a court sanctions the government in a criminal case for its failure to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance." United States v. DeCoteau, 186 F.3d 1008, 1010

(8th Cir. 1999) (citing United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997)). With these legal principles in mind, the court turns to defendant's motion to dismiss the indictment.

**B.    FLAGRANT MISCONDUCT**

The court made it clear to the government at the November 20, 2017, pretrial conference that defendant's competency was not at issue. (Docket 80 at p. 25). In the order authorizing a second mental evaluation of defendant, the court ordered that the sole purpose of the evaluation would be to allow the government to respond to Dr. Ertz's evaluation. (Docket 67 at p. 5). The court repeated this limitation in the order setting a deadline for Dr. Scovel's examination. (Docket 69).

Despite these numerous express admonitions to the government, Dr. Scovel appears to have conducted a competency evaluation of the defendant. Her report indicates she conducted a McGarry competency assessment of the defendant. (Docket 70 at p. 13). This test, also known as the Competency Assessment Instrument, was developed by Dr. A. Louis McGarry, a psychiatrist at Harvard Medical School, specifically for the purpose of assessing the competence of defendants to stand trial. See Ronald Roesch et al., "Defining and Assessing Competency to Stand Trial," The Handbook of Forensic Psychology 327 (Allen Hess & Irving Weiner eds., 2d ed. 1999).[1] Dr. Scovel's report declares it is her "opinion with reasonable and psychological certainty,

---

[1] Available at http://www.justice.gov/sites/default/files/eoir/legacy/2014/08/15/Defining_and_Assessing_Competency_to_Stand_Trial.pdf.

that Mr. Warrior met the South Dakota Codified Law criteria for competency to stand trial at the time I interviewed him." (Docket 70 at pp. 28-29). The report supports this opinion with reference to the results of the McGarry assessment. <u>Id.</u> at p. 29. The court finds it difficult to understand how Dr. Scovel's use of the McGarry assessment does not constitute a competency evaluation when she expressly used that assessment to provide an opinion as to the defendant's competency.

The government argues Dr. Scovel used the McGarry assessment as part of a "full-scale neuro-psychological examination" necessary in order to respond to Dr. Ertz's reports, which, in the government's view, also used language and terms common in competency evaluations. (Docket 91 at p. 10). This argument strikes the court as a restatement of the government's previous contention that the theory of defense at issue is a disguised diminished capacity defense. The court did not read either of Dr. Ertz's reports as attempts to evaluate defendant's competency to stand trial; rather, they discuss his intellectual capacity. At the pretrial conference, the court stated, "It's not a competency issue. . . . If I do order an evaluation . . . it will be focused on determining the response to the defense's opinions . . . ." (Docket 80 at p. 25). Regardless of whether Dr. Ertz's reports invoked concepts from competency evaluations, the court did not permit Dr. Scovel to conduct a competency evaluation.

The court finds Dr. Scovel conducted a competency evaluation in violation of the court's order that her examination be limited only to responding to Dr. Ertz's evaluations of the defendant's mental status. The government was evidently aware Dr. Scovel intended to conduct the McGarry assessment and instructed her to proceed. (Docket 91 at p. 8). This was certainly misconduct and perhaps rises to the level of flagrant misconduct.

**C.  SUBSTANTIAL PREJUDICE**

Defendant alleges the government "got a thorough preview of Mr. Warrior's defense and testimony" as a result of Dr. Scovel's improper competency evaluation. (Docket 92 at p. 6). In defendant's view, the evaluation "invaded attorney-client privilege and his right against self-incrimination" and "violated his Fifth and Sixth Amendment rights." Id. Defendant argues these violations amount to substantial prejudice. (Docket 75 at p. 7).

The court closely reviewed the answers given by defendant in response to the McGarry evaluation. These responses do not substantially prejudice defendant. The responses largely show defendant's unfamiliarity with the nature of his defense and legal proceedings. The court identified two substantive responses. In response to a question "about how [defendant] can be defended against [the] charges," defendant identifies the defense to the knowledge element contested by the parties. (Docket 70 at p. 14). The government is obviously aware of this defense. In response to a question about whether defendant would agree not to testify if so directed by counsel, defendant

6

states he would not agree not to testify. Id. at p. 15. This response could indicate defendant plans to testify in his own defense. Defendant has the right to testify in his own defense. Rock v. Arkansas, 483 U.S. 44, 49 (1987). It cannot be substantially prejudicial for the government to be aware defendant may exercise that right.

Defendant's constitutional concerns likewise do not indicate substantial prejudice. Defendant claims his Fifth Amendment right against self-incrimination was violated. (Docket 92 at p. 6). The government is generally prohibited from using information obtained from defendant's mental evaluations. Fed. R. Crim. P. 12.2(c)(4). An exception to this rule arises when a defendant "has introduced . . . evidence requiring notice under Rule 12.2(a) or (b)(1)[.]" Fed. R. Crim. P. 12.2(c)(4)(A). "[T]he purpose of Rule 12.2(c) is to secure the defendant's Fifth Amendment right against self-incrimination." United States v. Leonard, 609 F.2d 1163, 1165 (5th Cir. 1980). However, "[w]hen a defendant asserts a mental status defense and introduces psychiatric testimony in support of that defense, he . . . . has no Fifth Amendment protection against the introduction of mental health evidence in rebuttal to the defense's psychiatric evidence." Savino v. Murray, 82 F.3d 593, 604 (4th Cir. 1996) (internal citations omitted). See also United States v. Johnson, 383 F. Supp. 2d 1145, 1153 (N.D. Iowa 2005) ("[F]ederal decisions addressing the scope and extent of a defendant's waiver of Fifth Amendment protection by putting her mental condition at issue suggest that the waiver is complete and

7

comprehensive."). If defendant introduces evidence in his defense as to the knowledge element—which required notice under Rule 12.2(b)(1)—the government will be permitted to use information gleaned from defendant's evaluations as to that issue. Defendant's Fifth Amendment rights will not be implicated.

Defendant's Sixth Amendment right to counsel is not implicated. The United States Supreme Court held the use of a defense psychological report by a prosecutor in rebuttal at trial does not violate the Sixth Amendment when defense counsel has notice of the report and the opportunity to discuss it with defendant. Buchanan v. Kentucky, 483 U.S. 402, 424-425 (1987). Dr. Scovel's evaluation was commissioned specifically to respond to Dr. Ertz's report and defendant received ample notice of Dr. Scovel's report. Defendant has not shown he is substantially prejudiced by Dr. Scovel's competency evaluation.

**D.    SANCTIONS**

"A district court has broad discretion to sanction a party for failure to comply with discovery orders." United States v. Sims, 776 F.3d 583, 585 (8th Cir. 2015). When fashioning sanctions for criminal discovery violations, the Eighth Circuit requires district courts to consider "(1) whether the Government acted in bad faith . . . ; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance." United States v. Amaya, 750 F.3d 721, 727 (8th Cir. 2014) (citing United States v. Pherigo, 327 F.3d 690, 694 (8th Cir. 2003)).

The government claims it was not acting in bad faith. (Docket 91 at p. 12). At the very least, the government knowingly permitted Dr. Scovel to undertake an impermissible competency evaluation. This does not appear to be a case of inadvertent mistake, especially as the court repeatedly admonished the government it was not to conduct a competency evaluation. As stated above, the court finds the government's violation did not substantially prejudice defendant. Any prejudice to defendant, substantial or otherwise, can be cured by excluding the results of the McGarry evaluation. The government offered to refrain from introducing any evidence derived from the McGarry evaluation. Id. The court finds there is no lesser sanction which would be appropriate to secure future compliance.

## CONCLUSION

The court finds the government violated the court order limiting the scope of Dr. Scovel's evaluation by permitting her to conduct a competency evaluation of defendant. The court further finds this violation did not substantially prejudice defendant. Consequently, dismissal of the indictment is an inappropriate remedy. Darden, 688 F.3d at 387. The court concludes an appropriate remedy is to exclude any evidence derived from Dr. Scovel's McGarry competency evaluation.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motion to dismiss the indictment (Docket 75) is denied.

IT IS FURTHER ORDERED that any evidence derived from Dr. Scovel's McGarry competency evaluation is excluded.

IT IS FURTHER ORDERED that a scheduling order will follow.

Dated October 17, 2018.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE